UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22438-CV-BLOOM
MAGISTRATE JUDGE REID

RAFAEL QUINTANA MESA,

    Petitioner
v.

ATTORNEY GENERAL,

    Respondent
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court upon a *sua sponte* review of the record. This cause has been referred to the Undersigned for Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF 4].

On June 5, 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida. [ECF 1]. On June 11, 2019, this matter was transferred by the Middle District to this Court. [ECF 2; ECF 3].

Upon review of Petitioner's Petition, the Undersigned Ordered Petitioner to pay the required $5.00 filing fee pursuant to 28 U.S.C. § 1914(a), or in the

alternative, to submit a motion for leave to proceed *in forma pauperis* pursuant to Rule 3(a) of the Rules Governing § 2254 Cases. *See* 25 U.S.C. § 2243.[1]

As of the entering of this Report and Recommendation, Petitioner has neither paid the $5.00 filing fee nor has he filed a motion for leave to proceed *in forma pauperis*. Further, it appears that Petitioner has been released from custody, mooting this matter.[2] Accordingly, the Undersigned **RECOMMENDS** that Petitioner's Petition [ECF 1] be **DISMISSED** for failure to pay the filing fee.

## II. Discussion

The filing fee for a petition for writ of habeas corpus is $5.00. *See* 28 U.S.C. § 1914(a). Further, S.D. Fla. L.R. 88.2(a) requires that all petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be "filed in the Clerk's Office" "together with filing fee." S.D. Fla. L.R. 88.2(a). A review of the record shows that Petitioner has failed to pay the fee in violation of 28 U.S.C. § 1914(a) and S.D. Fla. L.R. 88.2(a).

If a petitioner cannot pay the filing fee, he "shall submit the form 'Application to Proceed Without Prepayment of Fees and Affidavit' … which establishes that he or she is unable to pay the fees and costs of the proceedings." S.D. Fla. L.R. 88.2(b).

---

[1] The Rules Governing Section 2254 Cases also may be applied to habeas corpus actions filed under 28 U.S.C. § 2241. See Rule 1(b), Rules Governing Section 2254 Cases.
[2] The Undersigned notes that it appears that Petitioner has likely been released from custody, as he is no longer shown in the ICE Online Detainee Locator System.

The record also shows that Petitioner failed to file for leave to proceed *in forma pauperis* in violation of S.D. Fla. L.R. 88.2(b).

On June 17, 2019, the Undersigned Ordered Petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*. [ECF 6]. The Undersigned gave Petitioner until July 8, 2019 to do so, warning Petitioner that "failure to comply with this Order may result in dismissal of this case." [*Id*.].[3]

As of the date of this Report and Recommendation, Petitioner has not paid the filing fee, nor has Petitioner filed a motion for leave to proceed *in forma pauperis*. Accordingly, the Undersigned **RECOMMENDS** that Petitioner's Petition [ECF 1] be **DISMISSED** for failure to pay the filing fee.

### III.   Recommendations

Based on the foregoing, it is **RECOMMENDED** that Petitioner's case [ECF 1] be **DISMISSED** for failure to pay the filing fee.

Objections to this report may be filed with the District Court within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and

---

[3] Petitioner was also Ordered to file an Amended Petition, which he has failed to do. [ECF 7]. Petitioner was warned that "failure to comply with this order will result in dismissal." [*Id*. at p. 4]. This provides an alternative basis for dismissal pursuant to Fed. R. Civ. P. 41(b). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). *See also Martins v. Royal Caribbean Cruises, Ltd*., Case No. 15-21124-CV-GOODMAN, 2019 WL 246604 (S.D. Fla. Jan. 16, 2019) (collecting cases).

will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). *See also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 22nd day of July, 2019.

                                                                  UNITED STATES MAGISTRATE JUDGE

cc:     **Rafael Quintana Mesa**
        A-024-710-223
        Krome North Service Processing Center
        18201 S.W. 12th St.
        Miami, FL 33194
        *PRO SE*
        (last known address)